## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIAM BILLY GENE CARTER,   )
                           )
       Petitioner,          )
                           )
   v.                   )      No. 4:12CV2159 HEA
                           )
MARTHA MARTIN,         )
                           )
       Respondent.       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for leave to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and on review of this action under Rule 4 of the Rules Governing Habeas Proceedings. The alleged facts and claim for relief are substantially similar in the amended petition as set forth in the original petition. Therefore, the Court will grant the motion for leave to amend. Under Rule 4, the Court is required to conduct a *sua sponte* review of a § 2254 petition and to dismiss it if it is clear from the face of the petition that petitioner is not entitled to relief. The claim for relief in the amended petition is not cognizable in federal habeas proceedings. As a result, the Court will dismiss the action without further proceedings.

The Court takes judicial notice of its own files, especially that of Carter v. Blake, 4:10CV1914 NAB, in which petitioner brought the same claim for relief as he

does in this action.  The Court dismissed the Blake case without prejudice for failure to exhaust state remedies.

On January 21, 2002, petitioner, pursuant to 552.030.2 RSMo., entered a plea of not guilty by reason of mental disease or defect in the Circuit Court of Adair County, Missouri ("trial court") to the charges of forcible sodomy, kidnapping, burglary in the first degree, felonious restraint, and deviate sexual assault.  The trial court accepted the plea and committed petitioner to the custody of the Director of Missouri Department of Mental Health ("MDMH").  Subsequently, on August 8, 2003, a jury unanimously found petitioner to be a sexually violent predatory ("SVP") under § 632.480 RSMo., and petitioner was committed to the custody of the Director of MDMH "until such time that [petitioner's] mental abnormality has changed that is he safe to be at large."

Petitioner brings one claim for relief: that the State of Missouri violated his due process rights by finding him to be an SVP after he entered a not guilty by reason of mental disease or defect to the underlying sexual offenses.  Petitioner believes that the plea did not constitute a "conviction" under state law that would trigger the SVP statutes.

Petitioner has not filed any indication that he has exhausted this claim in state court.  However, 28 U.S.C. § 2254(b)(2) allows the Court to dismiss a case on the

merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

First, the Court notes that petitioner has misstated the laws of Missouri. Section 632.480(5)(a) defines an SVP to include someone who has "been found not guilty by reason of mental disease or defect pursuant to section 552.030 of a sexually violent offense." Section 632.480 went into effect on January 1, 1999, which is well before petitioner entered his insanity plea.

Second, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."). Furthermore, a state prisoner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). This is exactly what petitioner has attempted to do in this action. Petitioner's claim falls squarely under state law, i.e., whether the Missouri SVP statutes can be invoked after an insanity plea to a criminal sex offense. And petitioner attempts to turn this into a

federal cause of action by asserting a due process claim.  As a result, plaintiff's claim is non-cognizable in federal habeas proceedings.

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to file an amended petition [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED** with prejudice.

Dated this 15th day of July, 2013.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE